Jeffrey D. Kaliel (CA Bar No. 238293)
Sophia G. Gold (CA Bar No. 307971)
jkaliel@kalielpllc.com
sgold@kalielpllc.com
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C. 20009
(202) 350-4783

-and-

Bryan S. Gowdy (*Pro Hac Vice*)
bgowdy@appellate-firm.com
filings@appellate-firm.com
CREED & GOWDY, P.A.
865 May Street
Jacksonville, Florida 32204
(904) 350-0075

*Attorneys for Plaintiffs and the Putative Classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (San Jose Division)

| | |
|---|---|
| JAMES FOREMAN and ALVIN MOODY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 5:18-cv-01375-BLF<br><br>**PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AS TO JAMES FOREMAN UNDER RULE 54(b)**<br><br>Hearing date: December 12, 2019<br>Time: 9:00 a.m.<br>Place: Courtroom 3<br>Judge: Hon. Beth Labson Freeman |

**NOTICE OF MOTION**

**TO ALL THE PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 19, 2019, at 9:00 a.m., or as soon thereafter as counsel may be heard before the Honorable Beth Labson Freeman, in Courtroom 3 of the U.S. District Court, 280 South 1st Street, San Jose, California 95113, Plaintiffs will and hereby do move the Court for entry of final judgment as to Plaintiff James Foreman pursuant to Federal Rule of Civil Procedure 54(b).

Dated: September 13, 2019                   Respectfully submitted,

                                             /s/ Bryan Gowdy
                                            Bryan Gowdy
                                            *Counsel for Plaintiffs*

**CONCISE STATEMENT OF RELIEF SOUGHT**

Plaintiffs seek entry of final judgment as to Plaintiff James Foreman pursuant to Federal Rule of Civil Procedure 54(b).

## BACKGROUND

On August 13, 2019, the Court dismissed all claims asserted by Plaintiff James Foreman in this lawsuit. (*See* D.E. 62 at 19.) However, the Court did not dismiss the individual claim asserted by Plaintiff Alvin Moody, so the lawsuit remains pending. (*Id.*; *see also* Fed. R. Civ. P. 54(b).) Because there is no just reason to delay entry of final judgment as to Mr. Foreman, Plaintiffs ask the Court to make the required findings and enter final judgment as to Mr. Foreman pursuant to Federal Rule of Civil Procedure 54(b).

## ARGUMENT

Rule 54(b) provides that, in an action involving multiple claims or parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) thus relaxes the rule that, "in multiple claims actions, *all* the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them." *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 902–03 (2015). It aims "to augment, not diminish, appeal opportunity." *Id.*

To determine whether entry of final judgment is appropriate under Rule 54(b), the Court must first decide whether its order dismissing Mr. Foreman's claims is a "'judgment' in the sense that it is a decision upon a cognizable claim for relief," and "'final' in the sense that it is an 'ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). The Court must then determine "whether there is any just reason for delay." *Id.* at 8.

In making this determination, the Court must consider judicial administrative interests, as well as the equities. *Id.* Entry of final judgment is "especially appropriate" if the resolved claims will "determine the scope and contours of trial as to the remaining issues" such that entering a final judgment and allowing an appeal to proceed might "avoid wasting resources in a re-trial." *Seigel v. Warner Bros. Entm't Inc.*, No. 04-cv-8400, 2011 WL 13127546, at *1 (C.D. Cal. Mar. 15, 2011). District courts have broad discretion in performing this assessment and will be second-guessed on appeal only when their conclusions are "clearly unreasonable." *Id.* at 10.

1  The foregoing standards are satisfied here. First, the Court's order dismissing Mr. Foreman's
2  claims is both "final" and a "judgment" because the Court dismissed Mr. Foreman's claims for
3  violation of the Electronic Funds Transfer Act ("EFTA") (counts one through three) and violation
4  of California's Unfair Competition Law ("UCL") (counts four through six) with prejudice. (*See*
5  D.E. 62 at 19; *see generally* D.E. 51.) Mr. Foreman's case is over, and there is nothing left for the
6  Court to do as to Mr. Foreman but to execute the judgment. *See Gulfstream Aerospace Corp. v.*
7  *Mayacamas Corp.*, 485 U.S. 271, 275 (1988).

8  Second, the equities favor allowing Mr. Foreman to pursue an appeal without waiting for
9  Mr. Moody's individual claim—which asserts a distinct theory and is not affected by the Court's
10 legal determinations on the dismissed claims—to be litigated. Indeed, the legal issues that would be
11 raised by Mr. Freeman's appeal would bear on Mr. Moody's trial inasmuch as the Court also
12 dismissed Mr. Moody's parallel claims under the EFTA and UCL. (*See* D.E. 62 at 19.) "[T]he scope
13 and contours of trial as to the remaining issues" would therefore be affected by Mr. Foreman's
14 appeal, making entry of a final judgment under Rule 54(b) especially appropriate. *See Seigel*, 2011
15 WL 13127546, at *1

16 The Court should therefore make the required determination that "there is no just reason for
17 delay" and enter a final judgment as to Mr. Foreman under Rule 54(b). *See, e.g.*, *Tessera, Inc. v.*
18 *Toshiba Corp.*, No. 15-cv-2543, 2017 WL 11002227, at *1 (N.D. Cal. Mar. 6, 2017) (Freeman, J.).

19 **<u>CONCLUSION</u>**

20 Plaintiffs ask the Court to find that there is no just reason for delay and enter final judgment
21 as to Plaintiff James Foreman pursuant to Federal Rule of Civil Procedure 54(b).

22 Dated: September 13, 2019                  Respectfully submitted,

23                                             /s/ Bryan S. Gowdy
24                                            Bryan S. Gowdy (*Pro Hac Vice*)
                                              bgowdy@appellate-firm.com
25                                            filings@appellate-firm.com
                                              CREED & GOWDY, P.A.
26                                            865 May Street
                                              Jacksonville, Florida 32204
27                                            (904) 350-0075
28

*-and-*

Jeffrey D. Kaliel (CA Bar No. 238293)
Sophia G. Gold (CA Bar No. 307971)
jkaliel@kalielpllc.com
sgold@kalielpllc.com
KALIEL PLLC
1875 Connecticut Ave., NW, 10th Floor
Washington, D.C. 20009
(202) 350-4783

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2019, the foregoing document was filed electronically on the CM/ECF system, which caused all CM/ECF participants to be served by electronic means.

/s/ *Bryan S. Gowdy*
Attorney