# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

|  |  |
|---|---|
| JAMES FOREMAN, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>            Defendant. | Case No.  18-cv-01375-BLF<br><br>**ORDER DENYING PLAINTIFFS'**<br>**MOTION FOR ENTRY OF FINAL**<br>**JUDGMENT AS TO JAMES**<br>**FOREMAN UNDER RULE 54(b)**<br><br>[Re: ECF 66] |

Before the Court is Plaintiffs' Motion for Entry of Final Judgment as to James Foreman under Rule 54(b). Mot. for Entry of Final J. ("Mot."), ECF 66. The Court finds that the matter is suitable for disposition without oral argument and VACATES the hearing set on December 19, 2019. For the reasons discussed below, the Court DENIES Plaintiffs' motion.

## I.    BACKGROUND

This case involves a consumer's right to authorize his bank to transfer funds electronically to third parties through what is aptly named an "electronic fund transfer." Such transfers are governed by the Electronic Fund Transfer Act (the "EFTA"), 15. U.S.C. § 1693. If a consumer has authorized a financial institution to transfer funds on a recurring basis on his or her behalf, the EFTA contemplates that the consumer may also "stop payment" of those preauthorized transfers – that is, withdraw his or her authorization. *Id.* § 1693e. In practice, to stop payment, the consumer may be required by his or her financial institution to pay what is known as a "stop-payment fee."

Plaintiffs James Foreman and Alvin Moody (together, "Plaintiffs") allege that Defendant Bank of America, N.A. ("BOA") charges such a fee. In their Third Amended Complaint ("TAC"), Plaintiffs allege that BOA's stop-payment fee violates the EFTA (Counts One through Three) and California's Unfair Competition Law (the "UCL") (Counts Four through Six). TAC ¶¶ 72-127,

United States District Court<br>Northern District of California

ECF 51.  In addition, Moody brings an individual claim against BOA, alleging that he paid the stop-payment fee and BOA violated his rights by failing to honor his stop-payment order (Count Seven).  TAC ¶¶ 128-38.  On August 13, 2019, the Court dismissed with prejudice all claims in the TAC (collectively, the "Dismissed Counts") except for Moody's individual claim.  *See* Order Granting Without Leave to Amend in Part and Denying in Part Motion to Dismiss Third Am. Compl. ("Order"), ECF 62.

On September 13, 2019, Plaintiffs moved for entry of judgment as to Foreman under Federal Rule of Civil Procedure 54(b).  Mot. 2.  Plaintiffs argue that the Order is both "final" and a "judgment" because it dismissed Counts One through Six with prejudice, and "there is nothing left for the Court to do as to Mr. Foreman but to execute judgment."  Mot. 3.  Moreover, Plaintiffs argue that the equities favor allowing Foreman to appeal without waiting for Moody's individual claim because Moody asserts a "distinct theory" in his individual claim, and the legal issues in Foreman's appeal would bear on Moody's trial.  Mot. 3.  Plaintiffs further argue that entering judgment as to Foreman would not result in successive appeals because the outcome of Foreman's appeal would govern any subsequent appeal by Moody, and Moody stipulates that he will abide by the Ninth Circuit's decision as to Foreman.  Reply in Supp. of Mot. ("Reply") 1-2, ECF 71. Lastly, Plaintiffs argue that entering judgment will avoid delay because no party has requested a stay, and Moody would not object to a stay.  Reply 2-3.

BOA opposes, arguing that partial judgment will result in successive, piecemeal appeals and judicial delay because Moody's individual claim overlaps with the Dismissed Counts.  Opp. to Mot. (Opp.") 2-5. ECF 70.  Specifically, BOA argues that Moody is a party to the dismissed claims and Moody's individual claim "stems from the factual allegations at issue in Foreman's attempted appeal."  Opp. 4.  Additionally, according to BOA, while the claims put forth different theories of liability, the claims in this case come from the same set of facts and therefore partial judgment is not appropriate.  Opp. 4.

## II.   LEGAL STANDARD

In general, appellate courts only have jurisdiction to hear appeals from final orders.  28 U.S.C. § 1291.  An exception to his rule is found in Federal Rule of Civil Procedure 54(b): "When

United States District Court
Northern District of California

1    an action presents more than one claim for relief . . . or when multiple parties are involved, the

2    court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties

3    only if the court expressly determines that there is no just reason for delay."  "Rule 54(b) was

4    adopted . . . specifically to avoid the possible injustice of delaying judgment on a distinctly

5    separate claim pending adjudication of the entire case."  *Gelboim v. Bank of Am. Corp*., 574 U.S.

6    405 (2015) (brackets and internal quotation marks omitted).  Rule 54(b), therefore, "aimed to

7    augment, not diminish, appeal opportunity."  *Id.* at 902-03; *accord Jewel v. Nat'l Sec. Agency*, 810

8    F.3d 622, 627-28 (9th Cir. 2015).

9         There is a two-step process for determining whether to enter final judgment.  First, the

10   court must "determine that it is dealing with a 'final judgment.'"  *Curtiss-Wright Corp. v. Gen.*

11   *Elec. Co.*, 446 U.S. 1, 7 (1980).  That is, "[i]t must be a 'judgment' in the sense that it is a decision

12   upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate

13   disposition of an individual claim entered in the course of a multiple claims action.'"  *Id.* (quoting

14   *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  Second, "the district court must go

15   on to determine whether there is any just reason for delay" because "[n]ot all final judgments on

16   individual claims should be immediately appealable, even if they are in some sense separable from

17   the remaining unresolved claims."  *Id.*  A district court, therefore, "must take into account judicial

18   administrative interests as well as the equities involved," which is "necessary to assure that

19   application of the Rule effectively preserves the historic federal policy against piecemeal appeals."

20   *Id.* (internal quotation marks omitted).  For example, a district court may properly consider "such

21   factors as whether the claims under review were separable from the others remaining to be

22   adjudicated and whether the nature of the claims already determined was such that no appellate

23   court would have to decide the same issues more than once even if there were subsequent

24   appeals."  *Id.*

25        "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate

26   that the case warrants certification," *First Amendment Coal. of Arizona, Inc. v. Ryan*, No. CV-14-

27   01447-PHX-NVW, 2016 WL 4236373, at *1 (D. Ariz. Aug. 10, 2016) (internal quotation marks

28   omitted), and "[i]t is left to the sound judicial discretion of the district court to determine the

'appropriate time' when each final decision in a multiple claims action is ready for appeal,"
*Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co.*, 351 U.S. at 437).  "Rule 54(b) certification is not to be granted routinely" and courts should be "mindful of the demands on the appellate court, thus necessitating careful consideration of whether certification would produce unnecessarily duplicative appeals.  There clearly is wisdom in invoking this remedy only in compelling circumstances."  *Tessera, Inc. v. Toshiba Corp.*, No. 15-CV-02543-BLF, 2017 WL 11002227, at *3 (N.D. Cal. Mar. 6, 2017).

## III.    DISCUSSION

In resolving Plaintiffs' Rule 54(b) motion, the Court must determine whether (1) the motion concerns a "final judgment," and (2) any "just reason for delay" exists.  *Curtiss-Wright*, 446 U.S. at 7-8.  The Court addresses each in turn.

### A.    "Final Judgment"

First, the Court must determine if it has rendered a "final judgment"; that is, a judgment that is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Curtiss-Wright Corp.*, 446 U.S. at 7 (internal quotation marks omitted).  A decision is final "if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Arizona State Carpenters Pension Tr. Fund v. Miller*, 938 F.2d 1038, 1039 (9th Cir. 1991) (internal quotation marks omitted); *see Sears, Roebuck & Co.*, 351 U.S. at 435 ("[Rule 54(b)] does not relax the finality required of each decision, as an individual claim, to render it appealable . . . .").  Moreover, "Rule 54(b)'s use of the word 'claim' at minimum refers to a set of facts giving rise to legal rights in the claimant."  *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 575 (9th Cir. 2018) (internal quotation marks omitted).  "Multiple claims can thus exist if a case joins multiple sets of facts."  *Id.*  "Conversely, only one claim is presented when a single set of facts gives rise to a legal right of recovery under several different remedies."  *Id.* (brackets and internal quotation marks omitted).  Nevertheless, a challenger cannot successfully attack the court's finding of multiple claims merely by showing that some facts are common to all of its theories of recovery."  *Id.* (brackets and internal quotation marks omitted)).

Here, there are multiple clams and a final judgment as to one of the claims.  While the

1   pending claim and Dismissed Counts have partially overlapping facts, each requires a factual

2   showing not required by the other.  For example, the pending claim requires that Plaintiffs show

3   that Moody paid the stop-payment fee and BOA failed to cancel the electronic funds transfer;

4   whereas, for Count Two of the Dismissed Counts, Plaintiffs must show that the stop-payment fee

5   was not tied to any actual cost incurred by BOA.  TAC ¶¶ 84,130-32; *see Pakootas*, 905 F.3d at

6   575 (finding multiple claims where claims required different factual showings not required by the

7   other). Therefore, the Dismissed Counts are a separate claim from the pending claim.  In addition,

8   the Court dismissed the Dismissed Counts without leave to amend.  Order 6-18.  Nothing remains

9   for the Court to do with respect to the Dismissed Counts except to enter judgment.  *See Nuwintore*

10  *v. United States*, No. 1:13-CV-0967 AWIJLT, 2014 WL 7335215, at *2 (E.D. Cal. Dec. 19, 2014)

11  (finding order dismissing claims final because "[n]othing remains for the Court to do with respect

12  to Plaintiff's claim against Defendant USA except to enter judgment").

13        Accordingly, the Court issued a final judgment as to the Dismissed Counts.

14        **B.    "Just Reason for Delay"**

15        Having found that the Order is a final judgment as to the Dismissed Counts, the Court must

16  determine if there is any just reason to delay the entry of judgment.  Plaintiffs argue that there is

17  no just reason for delay as Moody's individual claim "asserts a distinct theory and is not affected

18  by the Court's legal determination on the dismissed claims," the legal issues in the Dismissed

19  Counts "bear on Mr. Moody's trial inasmuch as the Court also dismissed Mr. Moody's parallel

20  claims under the EFTA and UCL," successive appeals will not result, and no stay has been

21  requested and Moody would not object to any stay.  Mot. 3; Reply 1-3.  BOA contends that there

22  will be unnecessary delay if Foreman loses his appeal; there will be duplicate, successive appeals

23  if Foreman wins on appeal; and the Dismissed Counts and Moody's claim stem from the same

24  factual allegations.  Opp. 2-5.  The Court agrees with BOA.

25        First, the legal and factual issues underlying the Dismissed Counts overlap with the legal

26  and factual issues of the pending claim.  For example, the pending claim and the Dismissed

27  Counts both involve facts demonstrating that BOA attempted to require its customers to waive

28  their rights under § 1693*l* of the EFTA.  *See, e.g.*, TAC ¶ 134 (for pending claim, alleging that

United States District Court
Northern District of California

1    "by purporting to allow [BOA] to refuse to honor a timely, valid stop-payment order if the order

2    lists the wrong amount for the EFT by even a penny, [BOA] has attempted to require its customers

3    to waive their rights under the EFTA.  [BOA's] deposit agreements thus violate § 1693*l* of the

4    EFTA" (citations omitted)); TAC ¶ 76 (for Count One of the Dismissed Counts, alleging BOA's

5    deposit agreements violate § 1693*l* because the purported imposition of a stop-payment fee was an

6    attempt to require Plaintiffs and putative class members "to waive their rights under the EFTA");

7    *see also* TAC ¶¶ 84, 94.  Indeed, as in *Jewel*, the Third Amended Complaint contains a single set

8    of "Factual Allegations" that applies to all the claims.  *See* TAC at 6; *see also Jewel*, 810 F.3d at

9    629 (concluding "case would inevitably come back to this court on the same set of facts" because

10   "the complaint presents one section entitled 'Factual Allegations Related to All Counts'" (internal

11   quotation marks omitted)); *First Amendment*, 2016 WL 4236373, at *2 (finding factual overlap

12   between claims where complaint contained a single set of facts for all claims).

13        Plaintiffs do not address the overlap in facts between the pending claim and the Dismissed

14   Counts; rather, Plaintiffs argue that the Dismissed Counts and pending claim are legally

15   distinguishable.  Mot. 3; *see* Reply 2-3.  For Rule 54(b) purposes, however, "the word 'claim' at

16   minimum refers to a set of facts giving rise to legal rights in the claimant," *Pakootas*, 905 F.3d at

17   575 (internal quotation marks omitted).  Plaintiffs' argument is therefore without merit.  *See First*

18   *Amendment*, 2016 WL 4236373, at *2 (rejecting argument that there is no overlap because claims

19   are legally distinguishable).

20        Thus, the Dismissed Counts share "common and intersecting facts" with the pending

21   claim, *Jewel*, 810 F.3d at 629, which "weigh[s] heavily against entry of judgment," and Plaintiffs

22   have not made the required showing that a Rule 54(b) order is "necessary to avoid a harsh and

23   unjust result," *Gregorian*, 871 F.3d at 1519.

24        Second, while Foreman has no remaining claims, Moody is a party to all of the Dismissed

25   Counts.  In *Jewel*, the Ninth Circuit noted that it was a "complication . . . that not all of the parties

26   [we]re included in th[e] appeal."  *Jewel*, 810 F.3d at 630; *see also Spiegel v. Trustees of Tufts*

27   *Coll.*, 843 F.2d 38, 44 (1st Cir. 1988) ("It will be a rare case where Rule 54(b) can appropriately

28   be applied when the contestants on appeal remain, simultaneously, contestants below."); *First*

United States District Court
Northern District of California

6

1    *Amendment*, 2016 WL 4236373, at *3 (denying motion for entry of judgment in part because mon-

2    moving part was party to dismissed claims).  The same is true here.

3        Lastly, because of the overlap in facts supporting the Dismissed Counts and the pending

4    claims, applying Rule 54(b) may lead to multiple appeals and piecemeal litigation.  *See id.*  The

5    overlap in facts between the Dismissed Counts and pending claim "suggests that the case would

6    inevitably go back to the Ninth Circuit 'on the same set of facts." *Alila-Katita v. U.S. Bank Nat'l*

7    *Ass'n*, No. 16-CV-03950-JSW, 2016 WL 11187256, at *3 (N.D. Cal. Nov. 10, 2016) (internal

8    quotation marks omitted).  Plaintiffs argue that Moody "stipulates that he will abide by whatever

9    the Ninth Circuit decides as to the dismissal order in Mr. Foreman's appeal and will not bring a

10   separate appeal."  Reply 2.  Thus, Plaintiffs argue, there is no danger of successive or piecemeal

11   appeals.  Reply 2.  "While the court has doubts as to the enforceability of any such waiver, a

12   waiver does decrease the chance that the Ninth Circuit would have to consider the similar issues in

13   this case more than once." *Whitney v. Wurtz*, No. C 04-5232 PVT, 2007 WL 2601222, at *2 (N.D.

14   Cal. Sept. 6, 2007).  There is, however, the possibility that Moody or BOA chooses to appeal any

15   decision as to the pending claim, and therefore there is a chance "the appellate court will have to

16   revisit the same facts – spun only slightly differently – in successive appeals." *Tsyn v. Wells*

17   *Fargo Advisors, LLC*, No. 14-CV-02552-LB, 2016 WL 1718139, at *2 (N.D. Cal. Apr. 29, 2016).

18       Apart from judicial concerns, which counsel against Rule 54(b) certification, the Court is

19   not convinced that this appeal meets the "no just reason for delay" prong.  While Plaintiffs note

20   that no stay has been requesting, and while Plaintiffs note that Moody will not object to a stay,

21   granting Plaintiffs' motion "is more likely to cause additional delay than it is to ameliorate delay

22   problems." *Jewel*, 810 F.3d at 630.  Because Plaintiffs have not convincingly described some

23   pressing need for only Foreman to proceed with his appeal, this case appears to be "the usual case

24   where some issues are adjudicated earlier than others." *Moore v. Petsmart, Inc.*, No. 5:12-CV-

25   03577-EJD, 2016 WL 771335, at *3 (N.D. Cal. Feb. 29, 2016) (internal quotation marks omitted).

26   ///

27   ///

28   ///

United States District Court
Northern District of California

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs Motion For Entry of Final Judgment As To James Foreman Under Rule 54(b) is DENIED.

**IT IS SO ORDERED.**

Dated:  December 3, 2019

BETH LABSON FREEMAN
United States District Judge